IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARLAN LOVELL WALKER, | NO. C 04-04002 JW  PR |
| Plaintiff(s), | **ORDER OF DISMISSAL** |
| v. | |
| PELICAN BAY PRISON MEDICAL STAFF, et al., | |
| Defendant(s). | |

Plaintiff Harlan Lovell Walker filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. On March 8, 2006, the Court ordered, inter alia, as follows:

> Plaintiff has not communicated with the Court for almost a year-and-a-half. Proceeding forward by requiring Defendants to file an Answer or dispositive motion is fruitless if Plaintiff cannot be located by the Court. In the interests of justice and judicial efficiency, the Court will not proceed with this action until Plaintiff informs the Court of his continued intent to prosecute this action.
>
> Accordingly, no later than **twenty (20) days** of the date of this Order, Plaintiff shall file with the Court a notice of his current address and his continued intent to prosecute this action. **Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.**

March 8, 2006 Order at 2 (emphasis added).

Nearly two months have passed, and Plaintiff has filed no response to the Court's order. A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R., 370 U.S. 626,

633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).[1] The first three factors, above, weigh in favor of dismissal in light of the amount of time that has passed without Plaintiff filing anything in this matter, including his not responding to the Court's March 8, 2006 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

Accordingly, this action is DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall close the file and terminate any pending motions.

Dated: May 3, 2006

JAMES WARE
United States District Judge

---

[1] The Court should also afford the litigant prior notice of its intention to dismiss, id. at 133, as this Court has done.

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harlan Lovell Walker
P. O. Box 600
Tracy, Ca 95378-0600

**Dated: May 3, 2006**                                    **Richard W. Wieking, Clerk**

                                                          **By:   /s/JW Chambers**
                                                                **Melissa Peralta**
                                                                **Courtroom Deputy**

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.04\walker400241(b)dismissal.wpd